**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6731

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL T. RAND,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:10-cr-00182-RJC-DSC-1)

Submitted:  May 21, 2024                          Decided:  May 23, 2024

Before WYNN and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Michael T. Rand, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael T. Rand, a former federal prisoner, appeals the district court's order construing his Fed. R. Civ. P. 60(b) motion as an unauthorized, successive 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction.[*] We affirm in part, deny authorization to file a successive § 2255 motion, deny a certificate of appealability, and dismiss in part.

"[A] district court's first task when presented with a Rule 60(b) motion in a [§ 2255] case must be to consider whether the filing is in substance a successive [§ 2255 motion] and thus should be treated accordingly." *Bixby v. Stirling*, 90 F.4th 140, 147 (4th Cir. 2024) (cleaned up). "A 'true' Rule 60(b) motion [does] not attack the resolution of a prior [§ 2255 motion] on the merits" but instead "challenge[s] some defect in the integrity of the federal [§ 2255] proceedings." *Id.* at 148 (cleaned up).

In his Rule 60(b) motion, Rand sought a remedy for a perceived flaw in his § 2255 proceeding and raised a direct attack on his convictions. Our review leads us to conclude that Rand's pleading was a mixed Rule 60(b) motion/§ 2255 motion.

When a § 2255 movant files a mixed Rule 60(b) motion and § 2255 motion, the district court should afford the movant an opportunity to elect between deleting the

---

[*] A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a Rule 60(b) motion as an unauthorized, successive § 2255 motion. *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015). Further, although Rand has completed his custodial term, this case is not moot because he is still serving his three-year term of supervised release. *See United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017) (noting that "a prisoner on supervised release is considered to be in custody for the purposes of a § 2255 motion" (cleaned up)).

2

improper claims or having the entire motion treated as a successive motion. *McRae*, 793 F.3d at 394, 400. Although the district court did not afford Rand that opportunity, we need not remand this case because the district court applied the Rule 60(b) standard to Rand's claims in any event and did not abuse its discretion in determining that he was not entitled to relief under that standard. *Justus v. Clarke*, 78 F.4th 97, 104 (4th Cir. 2023) (providing standard for our review of a district court's denial of a Rule 60(b) motion), *cert. denied sub nom. Dotson v. Justus*, No. 23-652, 2024 WL 1241330 (U.S. Mar. 25, 2024). We therefore affirm the district court's dismissal of Rand's merits-related claims for lack of jurisdiction.

In addition, consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we construe Rand's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Upon review, we conclude that Rand's claims do not meet the relevant standard. *See* 28 U.S.C. § 2255(h). We therefore deny authorization to file a successive § 2255 motion.

Finally, Rand may not appeal the district court's denial of his true Rule 60(b) claims unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). *See generally McRae*, 793 F.3d at 400 & n.7. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is

3

debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Rand has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss Rand's appeal of the district court's denial of his true Rule 60(b) challenges to the district court's § 2255 order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*